UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERVAIL D. PICKENS, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>WALMART INC. D/B/A WALMART PHARMACY,<br><br>   Defendant. | Case No. 1:20-cv-02933 |

## CLASS ACTION COMPLAINT

**NOW COMES**, DERVAIL D. PICKENS, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of WALMART INC. D/B/A WALMART PHARMACY, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. /DERVAIL D. PICKENS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. WALMART INC. D/B/A WALMART PHARMACY ("Defendant") is a corporation organized and existing under the laws of Delaware. Defendant is a prominent multinational retail corporation.

8. Defendant maintains its principal place of business in Bentonville, Arkansas.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant conducts business in the State of Illinois and is registered with the Illinois Secretary of State.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 8332 and 8935.

12. At all times relevant, Plaintiff's numbers ending in 8332 and 8935 were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. Plaintiff was assigned the cellular telephone number ending in 8332 from late 2018 to January 2020.

14. Plaintiff was assigned the cellular telephone number ending in 8935 from February 2020 through the present.

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. Starting in November 2019, Plaintiff began receiving telephone calls from "Walmart Pharmacy" to his cellular phone number ending in 8332.

17. At no point in time did Plaintiff order any pharmaceuticals from Defendant.

18. Most of the calls placed by Defendant were automated prerecorded calls.

19. Upon answering some of Defendant's calls, Plaintiff was greeted with a prerecorded message stating this is a call from "Walmart Pharmacy trying to reach Andrew to remind you of your pick up."

20. Plaintiff is not "Andrew" and does not know anyone by the name of "Andrew."

21. Some of Defendant's prerecorded messages further stated "please press 1 if you would no longer wish to receive these calls."

22. In an effort to compel the misguided calls to cease, Plaintiff pressed "1" on multiple occasions during the calls that he answered.

23. Despite Plaintiff pressing "1" on multiple occasions, Defendant's calls persisted.

24. In other answered calls, Plaintiff was greeted with a prerecorded message stating:

> "Hi this is Walmart Pharmacy calling with a message for Andrew. We are calling to let you know you have a few prescriptions ready for refill. The fastest way to refill is on the Walmart app. To refill by phone, please call us at 708-229-0892 and we will be happy to help. To opt out of further messages, you can call us at 1-800-201-0593. Thanks for choosing Walmart, have a great day."

25. In calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails similar to the ones described above.

26. Defendant also placed phone non-prerecorded calls to Plaintiff in which Plaintiff was able to speak to a live representative.

27. During one live call, Plaintiff answered the phone and was greeted by a representative employed by Defendant.

28. Plaintiff advised Defendant's representative that he has been receiving calls from Defendant attempting to reach an "Andrew."

29. Plaintiff advised Defendant's representative that (1) he does not have a business relationship with Defendant, (2) he is not Andrew, nor does he know an Andrew; and (3) he has previously requested the calls cease by pressing "1" on numerous occasions.

30. In response, Defendant's representative assured Plaintiff that he would not receive future calls.

31. Despite the assurances from Defendant's representative, Defendant continued its misguided calls.

32. Astonishingly, Defendant's phone calls persisted even after Plaintiff changed his telephone number from the number ending in 8332 to the new number ending in 8935.

33. Plaintiff never provided his new number ending in 8935 to Defendant and does not know how Defendant obtained his new number.

34. In total, Defendant placed no less than fifty (50) phone calls to Plaintiff's cellular phone numbers ending in 8332 and 8935 utilizing a prerecorded voice without Plaintiff's consent.

35. Defendant's misguided calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge

Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

36. Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel the phone calls to cease.

## CLASS ALLEGATIONS

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) to whom Defendant or a third party acting on Defendant's behalf, placed or caused to be placed, a call, (b) directed to a number assigned to a cellular telephone service or a service for which the called party is charged for the call, but not assigned to the individual that Defendant was attempting to contact, (c) using an artificial or prerecorded voice, (d) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

39. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

40. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

41. Upon information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the Putative Class.

42. Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

**B.     Commonality and Predominance**

43. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

44. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

45. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

46. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

47. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

48. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

49. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

50. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

51. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and members of the Putative Class)

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. Defendant placed or caused to be placed no less than fifty (50) non-emergency calls, from November 2019 through the present, to Plaintiff's cellular telephone numbers utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

54. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

55. Upon information and belief, Defendant does not maintain an effective system to process consumer opt outs and/or cease requests.

56. Specifically, as pled above, Plaintiff repeatedly requested the calls cease by pressing "1" as prompted and by requesting that the calls cease during a call with a live representative.

57. As pled above, Plaintiff was harmed by Defendant's unlawful phone calls.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 18, 2020                                    Respectfully submitted,

   **DERVAIL D. PICKENS**

By: */s/ Mohammed O. Badwan*

   */s/ Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Joseph S. Davidson, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jdavidson@sulaimanlaw.com

*Counsel for Plaintiff*